UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARTER SCHOOL CAPITAL, INC.,

    Plaintiff,

v.

Civil Case No. 17-11823
Honorable Linda V. Parker

TAYLOR INTERNATIONAL ACADEMY,

    Defendant.
_____/

# OPINION AND ORDER (1) DENYING CLAIMANT CANSTRONG FOOD SERVICES LLC'S MOTION FOR RELEASE OF FUNDS AND (2) GRANTING MOTION TO STRIKE PLAINTIFF'S RESPONSE TO MOTION

This lawsuit arises from the closure of Defendant Taylor International Academy ("TIA"), a charter school previously operating in Southfield, Michigan. In its Complaint, Plaintiff Charter School Capital, Inc. ("CSC") alleges that it is a secured lender to TIA and that it has a first priority lien in all assets of TIA. Pursuant to the parties' stipulation and a consent order, a receiver has been appointed to wind up TIA's affairs and to dissolve it. (*See* ECF No. 7.) Thomas E. Woods currently is serving as the receiver. (ECF No. 12.) TIA has not responded to CSC's Complaint and a Default Judgment was entered against it on November 29, 2017. (ECF No. 26.) The matter presently is before the Court on a November

7, 2017 motion for release of funds held by the receiver, filed by claimant CanStrong Food Services, LLC ("CanStrong"). (ECF No. 22.)

On November 24, 2017, the receiver filed a response to CanStrong's motion. (ECF No. 25.) CanStrong filed a reply brief on December 1, 2017. (ECF No. 27.) CSC filed a response to CanStrong's motion on December 4, 2017 (ECF No. 28), which CanStrong has moved to strike as untimely. (ECF No. 29.) The motion to strike has been fully briefed. (ECF Nos. 30, 31.)

**CanStrong's Motion to Strike CSC's Response**

CanStrong moves to strike CSC's response brief, arguing that it was filed well beyond the fourteen days permitted under Eastern District of Michigan Local Rule 7.1(e)(2)(B). CSC answers that CanStrong's motion was a dispositive motion, and thus CSC had twenty-one days from the date of service to file its response brief. Accordingly, CSC maintains, its response was filed only a few days late.

Local Rule 7.1(e) lists the motions considered to be "dispositive motions." Those motions are:

- for injunctive relief,
- for judgment on the pleadings,
- for summary judgment,
- to dismiss or quash an indictment or information made by a defendant,
- to suppress evidence in a criminal case,
- to certify or decertify a class,

2

- to dismiss for failure to state a claim upon which relief can be granted, and
- to involuntarily dismiss an action.

E.D. Mich. LR 7.1(e)(1)(A). Absent from this list are motions for release of funds held by a receiver. Local Rule 7.1(e) provides further that "[n]ondispositive motions are motions not listed in LR 7.1(e)(1)(A)." E.D. Mich. LR 7.1(e)(2)(A). As such, CanStrong's motion was a nondispositive motion to which a response had to be filed within fourteen days after service of the motion, or by the end of the day on November 21, 2017. As indicated, CSC filed its response on December 4, 2017.

The motion was untimely and, therefore, the Court is granting CanStrong's motion to strike it.[1]

**CanStrong's Motion for Release of Funds Held by Receiver**

In this motion, CanStrong claims that it is a creditor of TIA based on a contract appointing CanStrong as TIA's exclusive food supplier during the 2016-2017 school year. CanStrong asserts that it is owed $49,951.88 for food and food services supplied under the contract. Prior to TIA's closing, CanStrong attempted to collect the amount due and claims TIA's representatives misled CanStrong regarding the payments and lured CanStrong to continue supplying food and services to TIA despite the lack of payment.

---

[1] In any event, the Court is persuaded to deny CanStrong's motion for release of funds regardless of the arguments asserted in CSC's response brief.

3

According to CanStrong, the United States Department of Agriculture ("USDA"), through the State of Michigan, provided funds to TIA for the sole purpose of paying the amount TIA owed CanStrong. As such, CanStrong contends that a constructive trust should be imposed to pay those funds to it.

The receiver argues in response to CanStrong's motion that CanStrong fails to present evidence of a contract between it and TIA for the 2016-2017 school year. Construing CanStrong's motion as being brought pursuant to 7 C.F.R. § 210.6, the receiver also argues that CanStrong lacks standing to invoke the regulation. The receiver disputes CanStrong's assertions that it was misled by TIA's representatives regarding the payments owed and that the State of Michigan provided funding to TIA to be held in trust for CanStrong. The receiver argues there was no contractual agreement between TIA and CanStrong to hold funds due the latter in trust. Nor, the receiver argues, does CanStrong identify any statutory or regulatory directive providing for such a trust.

In reply, CanStrong presents evidence of an agreement between it and TIA to renew TIA's vended school meals contract with CanStrong for the 2016-2017 school year.[2] (CanStrong's Reply Ex. 1, ECF No. 27-2.) As the receiver argues, however, neither that agreement nor the original contract required TIA to hold in trust the funds owed to CanStrong. (*See id*.; *see also* CanStrong's Mot. Ex 2, ECF

---

[2] CanStrong first was awarded the food services contract through bidding for the 2014-2015 school year. (*See* CanStrong's Mot. Ex. 2, ECF No. 22-3.)

No. 22-3.) The Court concludes that the regulation cited by CanStrong also did not establish such a requirement.

The regulation on which CanStrong relies provides:

> General. State agencies shall use Federal funds made available under the Program to reimburse or make advance payments to school food authorities in connection with lunches and meal supplements served in accordance with the provisions of this part; except that, with the approval of FNS, any State agency may reserve an amount up to one percent of the funds earned in any fiscal year under this part for use in carrying out special developmental projects. Advance payments to school food authorities may be made at such times and in such amounts as are necessary to meet the current fiscal obligations. All Federal funds paid to any State in place of donated foods shall be used as provided in part 240 of this chapter.

7 C.F.R. § 210.6. Section 210.6 speaks to the use of funds by state agencies. It does not address how funds paid to school food authorities, like TIA, shall be used. It certainly does not require school food authorities to hold the program funds they receive in trust. For these reason, it is *not* undisputed—as CanStrong asserts and on which the premise of its argument is based—"that the program funds provided by the USDA through the State of Michigan were for the sole purpose of reimbursing (paying) for school food program expenses" and thus had to be held in trust. (*See* CanStrong's Br. in Supp. of Mot. at 6, ECF No. 22 at Pg ID 358.)

Absent a legal obligation for TIA to hold the money owed to CanStrong in trust, the Court believes that CanStrong fails to show that it stands in a better position than any other TIA creditor with respect to the assets held by the receiver.

5

Notably, because there was no obligation to hold the funds in trust, they were (according to the receiver and not disputed by CanStrong) comingled with TIA's other assets. Under Michigan law, "[t]he recognition of a constructive trust requires that the money or property on which the trust is imposed must be 'clearly traced' to the beneficiary of the constructive trust." *United States v. One Silicon Valley Bank Account*, 549 F. Supp. 2d 940, 955 (W.D. Mich. 2008) (citing *Biddle v. Biddle*, 168 N.W. 92 (Mich. 1918)); *see also Fidelity & Deposit Co. of Md. v. Stordahl*, 91 N.W.2d 533, 536 (Mich. 1958).

Moreover, the facts presented by CanStrong do not warrant the imposition of a constructive trust under Michigan law. The Michigan Supreme Court has explained the basis for constructive trusts as:

> "[W]hen it is shown that title has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weaknesses, or necessities, or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property, and there are no intervening rights of bona fide purchasers, equity will impress a constructive trust on the property and turn i[t] over to the one whom it rightfully belongs."

*Potter v. Lindsay*, 60 N.W.2d 133, 136 (Mich. 1953) (brackets added) (quoting *Racho v. Beach*, 236 N.W. 875, 877 (Mich. 1931)). Further: "'A constructive trust is imposed . . . because the person holding the title to property would profit by a wrong or would be unjustly enriched if he were permitted to keep the property.'" *Id*. (citation omitted).

First, there is no evidence that TIA *obtained* the funds at issue in such a way as to support the imposition of a constructive trust in favor of CanStrong. The fraud CanStrong alleges relates to TIA's promise to *pay* CanStrong in exchange for the latter's continued provision of food and food services. (*See* CanStrong's Br. in Supp. of Mot. at 6, ECF No. 22 at Pg ID 358.) TIA did not receive the funds at issue from CanStrong; rather, they came from the USDA through the State of Michigan. (*Id*.) CanStrong fails to demonstrate fraud by TIA in its receipt of those funds. In other words, there is no evidence that TIA procured funding through the school food program with no intent to use the funds for food and food services.

Further, the funds CanStrong seeks, along with TIA's remaining assets, are being held by the receiver for the benefit of whichever of TIA's creditors can be repaid from those assets. There is no chance of the funds reverting to TIA. Thus, only innocent third parties will potentially profit if the funds are not released to CanStrong.

For all of these reasons, the Court concludes that CanStrong is not entitled to the release of the funds held by the receiver.

Accordingly,

**IT IS ORDERED** that Claimant CanStrong Food Services, LLC's motion to strike Plaintiff's Response (ECF No. 29) is **GRANTED** and the response (ECF No. 28) shall be **STRICKEN** from the record;

**IT IS FURTHER ORDERED** that Claimant CanStrong Food Services, LLC's Motion for Release of Funds Held by Receiver (ECF No. 22) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 5, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 5, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager
